# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# (ALEXANDRIA)

| | | |
|---|---|---|
| In re. | ) | |
| | ) | Case No. 14-12578-BFK |
| JAHANGIR PARANDEH | ) | Chapter 13 |
| _____ | )_____ | |
| | ) | |
| IRINA DMITRIEV, | ) | |
| | ) | |
|   Plaintiff, | ) | Adversary Proceeding |
| | ) | Case No. 14-01192-BFK |
| v. | ) | Judge Brian F. Kenney |
| | ) | |
| JAHANGIR PARANDEH, | ) | |
| | ) | |
|   Defendant. | ) | |
| _____ | ) | |

### IRINA DMITRIEV'S MEMORNADUM IN OPPOSITION TO JAHANGIR PARANDEH'S MOTION TO DISMISS (DOCKET #66)

Creditor Irina Dmitriev, by and through the undersigned counsel, submits this memorandum in opposition of debtor Jahangir Parandeh's motion to dismiss at Docket #66, respectfully requests that the Court deny said motion, and for cause states as follows:

1. Debtor Parandeh has filed a one-page motion to dismiss Irina Dmitriev's objections to Parandeh's modified Chapter 13 plan and her motion to dismiss this proceeding altogether. In support of his motion, Parandeh advances a single argument: "Due to her failure to timely file a [proof of] claim, Irina Dmitriev lacks standing to object to the plan or file a motion to dismiss the case." (Parandeh's Mot. Dismiss ¶ 4.) Parandeh cites no authority of support of his motion. Parandeh's motion completely lacks merit and should be denied.

2. On or about December 9, 2014, Parandeh's plan was denied confirmation. Irina Dmitriev's motion to dismiss the proceeding is set to be heard January 15, 2015.

3. There is no question whatsoever that Irina Dmitriev is a creditor of Jahangir Parandeh, moreover a judgment creditor on a fraud claim asserted before the United States District Court for the Eastern District of Virginia and modified, on Parandeh's own motion, post-petition, in August of 2014. (*See* Ex. 1.) Her standing in these proceedings is, therefore, patent.[1] *See* 11 U.S.C. §1324; *In re. Jensen*, 369 B.R. 210 (Bankr. E.D. Pa. 2007); *Johnston v. Jem Dev. Co.,* 149 B.R. 158 (9th Cir. BAP 1992) (a creditor is a party in interest regardless of the status of its claim); *Armstrong v. Rushton*, 3093 B.R. 213 (10 th Cir. BAP 2004) (a person does not need to have filed a proof of claim to be a party in interest).

4. Whether or not Irina Dmitriev timely filed a proof of claim or, indeed, whether she filed a proof of claim at all, is irrelevant. In all of Parandeh's Chapter 13 plans, Ms. Dmitriev is not mentioned and is not scheduled to receive anything at all. Ms. Dmitriev is not, therefore, looking to join those plans. Instead, she contends, *inter alia*, that this proceeding was not filed in good faith, that Parandeh's schedules are bogus, that Parandeh has concealed assets, that Parandeh is pursuing this action for improper and dilatory purposes, that Parandeh's plans are deficient, that Parandeh is not eligible for relief, and that Parandeh has failed to comply with the rules of this Court. She submits that a proper remedy for all this is dismissal of the proceeding. She manifestly has standing to assert her objections. *Compare In re. Graziano*, 35 B.R. 589 (1983) (a creditor's failure to file a proof of claim is not a bar to a non-dischargeability action); *In re. Haslam* (9th Cir. BAP No. WW-07-1391-JuPaD, 2008) (*see* Ex. 2), and the cases cited therein (failure to file a proof of claim does not preclude the creditor from being a party in interest with standing to object to confirmation of a Chapter 13 plan on good faith grounds).

---

[1] Notably, Parandeh never filed a suggestion of bankruptcy in the Eastern District of Virginia proceeding.

5. Importantly, this Court has already determined that Ms. Dmitriev's claims are non-dischargeable under 11 U.S.C. § 523. (*See* Ex. 3.) The matter is *res judicata*. Parandeh's purpose in this Chapter 13 proceeding is to merely to delay pursuit of Ms. Dmitriev's claims.

6. If that were not enough, (a) Ms. Dmitriev has filed a proof of claim to which neither the trustee nor any other creditor has objected, (b) Ms. Dmitriev has, at a minimum, made an informal proof of claim, as evidenced, *inter alia*, by (i) a prior adversary proceeding before this Court in which a judgment was entered against Parandeh and (ii) the fact that Ms. Dmitriev is presently vigorously pursuing her claims before the United States District Court for the Eastern District of Virginia, wherein a modified judgment was entered – at Parandeh's urging – in August of 2014, post-petition.

7. Further, Parandeh, knowingly and intentionally failed to provide to the Court Plaintiff's address, resulting in no notices being sent to Plaintiff's address. That Parandeh knew that address is a matter of no controversy.

In theses circumstances, Parandeh's motion lacks merit and should be denied.

Respectfully submitted,

IRINA DMITRIEV
By counsel:

/s/
Kostyantyn Nesterov, Esquire (VSB# 81493)
11821 Parklawn Drive, Suite 206
Rockville, Maryland 20852
Telephone:    (703) 400-1316
E-mail:        Kosta.Nesterov@gmail.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was this 30th day of December, 2014, served on the following via first class mail, postage prepaid, and/or the Court's CM/ECF system:

>Thomas P. Gorman, Esquire
>300 North Washington Street
>Suite 400
>Alexandria, Virginia 22314,
>
>Robert R. Weed, Esquire
>45575 Shepard Drive
>Suite 201
>Sterling, Virginia 20164
>
>Office of the United States Trustee
>115 South Union Street
>Alexandria, Virginia 22314.

>_____/s/_____
>Kostyantyn Nesterov, Esquire