**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JAHANGIR PARANDEH, | ) | Case No. 14-12578-BFK |
| | ) | Chapter 13 |
| Debtor. | ) | |

**OPINION AND ORDER:**
**(A) DENYING MOTION TO DISMISS OF IRINA DMITRIEV,**
**(B) GRANTING DEBTOR'S MOTION TO STRIKE,**
**(C) OVERRULING MS. DMITRIEV'S OBJECTIONS TO THE DEBTOR'S SECOND AMENDED CHAPTER 13 PLAN, AND**
**(D) SUSTAINING THE DEBTOR'S OBJECTION TO CLAIM NO. 10-1 (IRINA DMITRIEV)**

This matter is before the Court on: (a) the Motion to Dismiss this bankruptcy case filed by Irina Dmitriev (Docket No. 48); (b) the Debtor's Motion to Strike Ms. Dmitriev's Motion to Dismiss the case for lack of standing (Docket No. 66); (c) Ms. Dmitriev's Objection to the Debtor's second Amended Chapter 13 Plan (Docket No. 82); and (d) the Debtor's Objection to Claim No. 10 filed by Ms. Dmitriev (Docket No. 61). Ms. Dmitriev filed an Opposition to the Debtor's Motion to Strike her Motion to Dismiss. Docket No. 76. The Debtor's Amended Chapter 13 Plan, to which Ms. Dmitriev objects, is found at Docket No. 58 of the Court's cm-ecf docket. The Court conducted a hearing on January 15, 2015.

For the reasons stated below, the Court will: (a) deny Ms. Dmitriev's Motion to Dismiss; (b) grant the Debtor's Motion to Strike for lack of standing; (c) overrule Ms. Dmitriev's Objection to the Debtor's second Amended Plan for lack of standing; and (d) sustain the Debtor's Objection to Claim No. 10, as a late-filed claim.

**Findings of Fact**

The Court makes the following findings of fact:[1]

   A. *The Debtor's Previous Bankruptcy Case and the Two Judgments Declaring Debts to be Non-Dischargeable.*

1.  This is not the Debtor's first bankruptcy case before this Court. The Debtor filed Case No. 11-13549-RGM as a voluntary Chapter 7 case on May 12, 2011. The Debtor received a discharge on February 28, 2013, and the case was closed on March 15, 2013.

2.  In the Chapter 7 case, two creditors filed Complaints against the Debtor. Hachette Filipacci Media U.S., Inc. ("Hachette Filipacci"), filed Adversary Proceeding No. 11-01471-RGM against the Debtor, seeking a declaration of non-dischargeability under Section 523 of the Bankruptcy Code as to the debts owed to Hachette Filipacci. The case resulted in the entry of an Order determining certain debts to be non-dischargeable. No. 11-01471-RGM, Docket No 64.

3.  Hachette Filipacci also filed Adversary Proceeding No. 11-01472-RGM against the Debtor to deny the Debtor a discharge under Section 727 of the Code. The case was settled (resulting in the Order of non-dischargeability in the related adversary proceeding), and the adversary proceeding was dismissed. No. 11-01472-RGM, Docket No. 60.

4.  Ms. Dmitriev filed Adversary Proceeding No. 11-01477-RGM, seeking a declaration of non-dischargeability under Section 523(a) of the Bankruptcy Code of the debts owed to her. The case ended in an Order declaring certain debts owed to Ms. Dmitriev to be non-dischargeable. No. 11-01477-RGM, Docket No. 49.

---

[1] The Court can take judicial notice of the matters contained in its own docket. *In re Heilig-Meyers Co.*, 328 B.R. 471, 488–89 (E.D. Va. 2005); *In re Rivera*, No. 13–14351–BFK, 2014 WL 287517, at *2 n.2 (Bankr. E.D. Va. Jan. 27, 2014); *In re Ryan*, 472 B.R. 714, 727–28 (Bankr. E.D. Va. 2012); *In re Giordano*, 472 B.R. 313, 335 n.15 (Bankr. E.D. Va. 2012).

*B. The Debtor's Current Bankruptcy Case.*

5.  On July 9, 2014, the Debtor filed the current bankruptcy case under Chapter 13 of the Bankruptcy Code.

6.  The Debtor scheduled Ms. Dmitriev as a creditor on his Schedule F. Docket No. 1, Schedule F. He listed Ms. Dmitriev as a creditor as follows:

> Kostyantyn Nesterov, Esq./Irina Dmitriev
> 11821 Parklawn Dr., Ste. 206
> Rockville, MD 20852

7.  The Parklawn Drive address is Mr. Nesterov's business address. Mr. Nesterov represented Ms. Dmitriev in pre-Chapter 7 federal court litigation which resulted in a judgment against the Debtor, and in the adversary proceeding (Adv. Pro. No. 11-01477-RGM), which led to the declaration of non-dischargeability of Ms. Dmitriev's debt in the prior bankruptcy case.

8.  The Clerk's Certificate of Notice for the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines in this case includes Mr. Nesterov's address for notice. Docket No. 8. The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines includes notice of the deadline of November 10, 214, for non-governmental creditors to file proofs of claim in this case. *Id.*

9.  Ms. Dmitriev filed a proof of claim with the Court on December 4, 2014, after the bar date for filing claims, in the amount of $200,600.00. Claim No. 10-1. The Debtor filed an Objection to the Claim on December 9, 2014. Docket No. 61.

10. Hachette Filipacchi filed a Complaint to determine the dischargeability of the Debtor's debts on October 14, 2014 (Adv. Pro. No. 14-01171-BFK). This resulted in the entry of an Order Granting Motion for Default Judgment, declaring the Debtor's debts to Hachette Filipacchi to be non-dischargeable. Case No. 14-01171-BFK, Docket No. 14.

11. Ms. Dmitriev also filed a Complaint to determine the dischargeability of the debts owed to her by the Debtor in this case (Adv. Pro. No. 14-01192-BFK). This adversary proceeding has not yet ended in a declaration of non-dischargeability (though, as stated below, the Debtor does not contest the non-dischargeable nature of the debts owed to Ms. Dmitriev).

12. The Debtor has filed three Chapter 13 Plans in this case. The Court denied confirmation of the Debtor's first Plan (Docket No. 13) on September 19, 2014. Docket No. 33. The Court denied confirmation of the Debtor's first Amended Plan (Docket No. 36) on December 9, 2014. Docket No. 63.

13. On the same day, the Debtor filed his second Amended Plan. Docket No. 58. The Chapter 13 Trustee has objected to the Debtor's second Amended Plan (Docket No. 80), as have Ms. Dmitriev (Docket No. 82), creditors M.R. Hamzepour, Mandana Hamzepour (Docket No. 83), and Hachette Filipacchi (Docket No. 85).

14. The Chapter 13 Trustee has filed a Motion to Dismiss. Docket No. 17. Ms. Dmitriev also has filed a Motion to Dismiss (Docket No. 48), to which the Debtor objected (Docket No. 65), and filed a Motion to Strike for lack of standing (Docket No. 66).

15. The Debtor's proposed second Amended Chapter 13 Plan (Docket No. 58) calls for payments of $200 for 12 months and $700 for 24 months, for total plan funding of $19,200. Of this amount, $2,350 would go to Debtor's counsel for the balance of his $5,000 fee, and the balance would go to unsecured creditors for a 24% recovery on their claims (though, this percentage recovery does not include Ms. Dmitriev's late-filed claim, which if allowed, would substantially diminish the return to the unsecured creditors).

16. The proposed second Amended Plan does not list any priority tax debt (Amended Plan, Docket No. 58 at ¶ 2(B)), nor does it list any mortgage arrearages to be paid under the Plan (*Id.* at ¶ 5(A)).

17. At the hearing on January 15, 2015, the Debtor's counsel readily (and properly) conceded that: (a) the Debtor is not eligible for a discharge (11 U.S.C. § 1328(f)(1)); and (b) the two Orders declaring debts to be non-dischargeable from the Debtor's previous bankruptcy case are *res judicata* as to the dischargeability of those debts in this case.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference for the District Court for this district entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate), (B) (allowance or disallowance of claims against the estate), and (L) (confirmations of plans).

**I.     Ms. Dmitriev Received Adequate Notice.**

The resolution of both Ms. Dmitriev's Motion to Dismiss the case and the Debtor's Motion to Strike Ms. Dmitriev's Motion turn on the same issue: does Ms. Dmitriev have standing? The Debtor asserts that Ms. Dmitriev lacks standing because she has not timely filed a proof of claim in this case. Ms. Dmitriev's proof of claim unquestionably was not timely filed. Ms. Dmitriev raises a preliminary issue in response—whether she received adequate notice of the bankruptcy case, thereby triggering an obligation on her part to file a proof of claim at all.

The Debtor listed Ms. Dmitriev in his Schedules, but used Mr. Nesterov's address for service of the notice. Ms. Dmitriev claims that this method of notice was inadequate. Section 521(a)(1)(A) requires the Debtor to file a list of creditors. Section 521(a)(1)(B)(i) requires the Debtor to file a schedule of assets and liabilities. Bankruptcy Rule 1007(b)(1)(A) requires the

Debtor to file schedules of assets and liabilities on the Official Forms. Official Forms B6D (Secured Creditors), B6E (Unsecured Priority Claims) and B6F (Unsecured Nonpriority Claims) require the name and mailing address of each of the Debtor's creditors.

Bankruptcy Rule 2002(g) provides in part as follows:

> (g) Addressing Notices.
>
> (1) Notices required to be mailed under Rule 2002 to a creditor, indenture trustee, or equity security holder shall be addressed as such entity or an authorized agent has directed in its last request filed in the particular case. For the purposes of this subdivision—
>
> (A) a proof of claim filed by a creditor or indenture trustee that designates a mailing address constitutes a filed request to mail notices to that address, unless a notice of no dividend has been given under Rule 2002(e) and a later notice of possible dividend under Rule 3002(c)(5) has not been given; and
>
> (B) a proof of interest filed by an equity security holder that designates a mailing address constitutes a filed request to mail notices to that address.
>
> (2) Except as provided in § 342(f) of the Code, if a creditor or indenture trustee has not filed a request designating a mailing address under Rule 2002(g)(1) or Rule 5003(e), *the notices shall be mailed to the address shown on the list of creditors or schedule of liabilities, whichever is filed later.* If an equity security holder has not filed a request designating a mailing address under Rule 2002(g)(1) or Rule 5003(e), the notices shall be mailed to the address shown on the list of equity security holders.

Bankruptcy Rule 2002(g) (emphasis added).[2]

Due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). On the issue of notice to an attorney constituting notice to his or her client in bankruptcy cases, one court has held:

---

[2] The notices under Rule 2002 include the notice of the meeting of creditors and the time for filing proofs of claim. *See* FED. R. BANKR. P. 2002(a)(1) and (7).

> [T]he overwhelming weight of authority is that, in bankruptcy cases, notice served on a creditor's counsel is presumed to satisfy both bankruptcy and due process notice requirements as to the creditor, so long as there is a nexus between the creditor's retention of the attorney and the creditor's claim against the debtor.

*In re San Miguel Sandoval*, 327 B.R. 493, 508 (B.A.P. 1st Cir. 2005). *See also In re Schicke*, 290 B.R. 792, 803 (B.A.P. 10th Cir. 2003) ("It is generally held that an attorney who represents the creditor in matters against a debtor prepetition, such as in obtaining or collecting a judgment that will be affected by discharge, will be an agent of the creditor in the context of a debtor's bankruptcy case"); *Linder v. Trump's Castle Assocs.*, 155 B.R. 102, 104 (D.N.J. 1993) ("The general rule in bankruptcy cases, as well as other types of cases, is that notice served upon counsel satisfies any requirement to give notice to the party"); *In re Linzer*, 264 B.R. 243, 249 (Bankr. E.D.N.Y. 2001) (creditor's non-bankruptcy counsel is deemed to be an authorized agent for purposes of receiving notice). The Court agrees with these cases, and finds that in this case, the required nexus was present. Mr. Nesterov represented Ms. Dmitriev in the federal court litigation that preceded the Debtor's Chapter 7 case, and that gave rise to her Proof of Claim. He represented Ms. Dmitriev in the adversary proceeding that resulted in the declaration of non-dischargeability on Ms. Dmitriev's debt. He is representing her in this case, having filed the Proof of Claim and various pleadings on her behalf. The Court, therefore, concludes that there is a sufficient nexus to conclude that Mr. Nesterov is Ms. Dmitriev's agent for purposes of receiving notices in this bankruptcy case—including the notice of the bar date for filing claims.[3]

Further, even if Ms. Dmitriev had not been listed in the Debtor's Schedules at all, she still would lack standing. In the case of *In re Nwonwu*, 362 B.R. 705 (Bankr. E.D. Va. 2007), Judge

---

[3] In certain circumstances, there are more specific rules on the service of pleadings, as opposed to ordinary notice. *See, e.g.*, Bankruptcy Rule 7004(b)(9) (requiring service of a summons and complaint by mail to the debtor); Bankruptcy Rule 7004(g) (also requiring service on the debtor's attorney, where the debtor is represented); Bankruptcy Rule 9014(b) (requiring service of any contested matter in the manner provided for service under Bankruptcy Rule 7004).

Mitchell of this Court was presented with a motion to allow a late-filed claim. Judge Mitchell noted that Bankruptcy Rule 9006(b)(1), incorporating the excusable neglect standard, does not apply to the filing of proofs of claim in a Chapter 13 case. Rule 9006(b)(3) restricts the enlargement of time to that provided in Rule 3002(c), which provides for extensions of time in limited circumstances not applicable here. Judge Mitchell held:

> Rule 3002(c) [Filing of Proof of Claim or Interest – Time for Filing] is strictly construed as a statute of limitations since the purpose of a claims bar date is "to provide the debtor and its creditors with finality" and to "insure the swift distribution of the bankruptcy estate." In the absence of one of the specific exceptions in Rule 3002(c), the court simply has no authority to grant the requested relief.

*Id.* at 708 (quoting *In re Johnson*, 84 B.R. 492, 494 (Bankr. N.D. Ohio 1988)).

Judge Mitchell noted that most courts hold that a creditor that did not receive notice of the commencement of the case in time to file a proof of claim would have a non-dischargeable claim, because the claim is not "provided for" by the plan. 11 U.S.C. § 1328(a). The Court need not rule on whether or not the debt is provided for under the Debtor's Amended Plan—the debt is inarguably not dischargeable under Section 1328 because it has been found to be non-dischargeable in the prior Chapter 7 case and the Debtor properly concedes that the determination of non-dischargeability is *res judicata* in this case (and, the Debtor is ineligible for a discharge in this case in any event, pursuant to 11 U.S.C. 1328(f)(1), because he received a discharge in his prior Chapter 7 case within the past four years).

Finally, Ms. Dmitriev's counsel argued that he did not actually receive the Notice of Bankruptcy, despite the fact that he was listed on the Clerk's Certificate of Mailing. However, a notice that is properly addressed, stamped and mailed is presumed to have been duly delivered to the party to whom it was addressed. *In re Weiss*, 111 F.3d 1159, 1172–73 (4th Cir. 1997); *Fed. Deposit Ins. Corp. v. Schaffer*, 731 F.2d 1134, 1137 n.6 (4th Cir.1984). The fact that Ms.

Dmitriev's counsel does not recall seeing the Notice of Bankruptcy does not adequately rebut the presumption of receipt.

The Court finds, therefore, that the notice to Ms. Dmitriev's counsel was adequate notice to Ms. Dmitriev of the bar date for filing proofs of claim in this case.

### II.     Ms. Dmitriev Lacks Standing to Move to Dismiss this Case or to Object to the Debtor's Chapter 13 Plan.

Section 1307(c) of the Bankruptcy Code provides that a motion to dismiss may be filed by "a party in interest or the United States trustee." 11 U.S.C. § 1307(c). Section 1325(b)(1) provides that, where "the trustee or the holder of an allowed unsecured claim objects," the debtor must meet the disposable income test. It is, therefore, clear that one must be the holder of an allowed unsecured claim in order to object to the debtor's plan on disposable income grounds. Otherwise, Section 1324(a) provides, like Section 1307(c), that a "party in interest may object to confirmation of the plan." The question here is whether, Ms. Dmitriev, as party with a disallowed proof of claim, is a party in interest within the meaning of Sections 1307(c) and 1324(a). The Court concludes that Ms. Dmitriev lacks standing to move to dismiss the Debtor's case or to object to the Debtor's Chapter 13 Plan. *See In re Sheppard*, 173 B.R. 799, 806 (Bankr. N.D. Ga. 1994); *In re Stewart*, 46 B.R. 73, 75–76 (Bankr. D. Or. 1985).

Ms. Dmitriev relies on a line of cases that appears to conflict with the rule in *In re Sheppard* and *In re Stewart*. However, upon closer inspection, it appears that these cases all turn on whether or not the objecting creditor's claim would be discharged in the Chapter 13 case, a factor not present in this case. In the case of *In re Torres Martinez*, 397 B.R. 158 (B.A.P. 1st Cir. 2008), the Bankruptcy Appellate Panel for the First Circuit held that a creditor whose claim was disallowed did have standing to move to dismiss the Debtor's Chapter 13 case. The Court held that the creditor had a pecuniary interest in the case, and hence standing, because its claim was

9

subject to being discharged by confirmation of the debtor's plan. *Id.* at 164 ("The Appellee had a pecuniary interest in this case that was not affected by the disallowance of his claim. The disallowance of the Appellee's claim only curtailed his right to payment under a confirmed plan which would have discharged his claim were the plan fully performed.") *See also In re Haslam*, Nos. WW–07–1391–JuPaD, 07–10112, 2008 WL 8444816, at *4 (B.A.P. 9th Cir. Mar. 31, 2008) ("M3 Holdings as an unsecured creditor has an actual pecuniary interest in ensuring that its claims against debtors are not discharged in a bankruptcy that it contends was not filed in good faith"); *In re Zaver*, 520 B.R. 159, 164–65 (Bankr. M.D. Pa. 2014); *In re Moore*, No. 10–11491, 2012 WL 1192776 (Bankr. N.D.N.Y. April 10, 2012) (stating that a creditor's "failure to file a proof of claim does not preclude him from being a party in interest with standing to seek dismissal of the Debtor's case. [The creditor] still has an actual financial interest in ensuring that his claim against the Debtor is not discharged . . . ."); *In re Jensen*, 369 B.R. 210, 230 (Bankr. E.D. Pa. 2007) ("his [the debtor's brother's] status as [a] creditor vests him with a practical stake in the outcome of this case: he has a pecuniary interest in ensuring that his claims against the Debtor are not discharged in a bankruptcy that he contends was not filed in good faith"). The Court in *Jensen* made the point that an entity may have standing for some purposes, but not for others. *In re Jensen*, 369 B.R. at 230 (quoting *In re Ofty Corp.*, 44 B.R. 479, 481 (Bankr. D. Del. 1984)). In *Jensen*, the court found that the debtor's brother had standing to object to confirmation of the debtor's plan on good faith and feasibility grounds because his claim was subject to being discharged, but that the brother did not have standing to object on grounds related to the sufficiency of the distribution under the plan. 369 B.R. at 229–231. In this case, Ms. Dmitriev did not timely file a proof of claim, so she has no standing to object to the amount of the distribution under the Debtor's Amended Plan. Further, Ms. Dmitriev has a non-dischargeable

judgment, and the Debtor is not eligible for a discharge. She therefore lacks standing to object to the Debtor's Amended Plan on feasibility and good faith grounds.[4]

The District Court for this district recently addressed the issue of standing in the context of a motion to reopen a bankruptcy case under Section 350(b) of the Code. In the case of *In re Alexandria Surveys International, LLC*, 500 B.R. 817 (E.D. Va. 2013), *aff'd Alexandria Consulting Group, LLC v. Alexandria Surveys International, LLC*, No. 13–2393 2014 WL 7388325 (4th Cir. Dec. 30, 2014), the District Court noted that Rule 5010 allows a motion to reopen by a "party in interest." *In re Alexandria Surveys*, 500 B.R. at 820. The District Court held that the party that had moved under Section 350(b) to reopen the debtor's bankruptcy case (in that case, a party interested in purchasing the estate's assets) did not have standing because it was not creditor. *Id.* at 820–21. The Court views its present ruling on Ms. Dmitriev's standing to be consistent with the District Court's holding in *Alexandria Surveys*.

Ms. Dmitriev's real concern is not that her debt will be discharged; it's that confirmation of the Debtor's Amended Plan will enable the Debtor to fend off any collection activities on Ms. Dmitriev's non-dischargeable judgment for the life of the Plan (36 months). Ms. Dmitriev is free to file a motion for relief from the automatic stay to proceed with collection activities. The Chapter 13 Trustee conceivably may oppose a relief from stay motion, to the extent that it implicates property of the estate, including the Debtor's post-petition earnings. 11 U.S.C. 1306(a)(2). The Court makes no ruling at this time as to whether a relief from stay motion would be granted or not. *See In re Blakely*, 440 B.R. 443, 445–46 (Bankr. E.D. Va. 2010) ("An unscheduled creditor may be granted relief from the stay. This may affect the ability of the

---

[4] There may be other interests, for example an interest in property to be sold under a plan, that would provide "party in interest" standing to object on good faith and feasibility grounds, without the necessity for the filing of a proof of claim.

Document    Page 12 of 14

debtor to complete a chapter 13 plan. It may cause the plan to fail. Both are considerations, but should be evaluated in relation to the creditor body as a whole and the debtor's knowledge of the omission.")

Ms. Dmitriev further can take comfort in the fact that there are other parties with standing to object to confirmation of the Debtor's Plan, who in fact have objected. *See* Chapter 13 Trustee's Objections (Docket No. 80), Objections of M.R. Hamzepour and Mandana Hamzepour (Docket No. 83), and Objections of Hachette Filipacchi (Docket No. 85). The Court also has an independent duty to see that all of the requirements for confirmation have been met, including good faith of the Debtor. *In re Birts*, No. 1:12cv427 (LMB/TCB), 2012 WL 3150384, at *5 (E.D. Va. Aug. 1, 2012) ("the bankruptcy judge has 'an independent duty to verify that [the] Chapter 13 plan does in fact comply with the law irrespective of lack of objection by creditors or the Chapter 13 trustee'") (quoting *In re Thibodeau*, 248 B.R. 699, 705 (Bankr. D. Mass. 2000).

For the foregoing reasons, the Court holds that Ms. Dmitriev lacks standing to move to dismiss this bankruptcy case, and lacks standing to object to the Debtor's Chapter 13 Plan.

**III.    The Court Will Sustain the Debtor's Objection to Ms. Dmitriev's Claim.**

For the reasons stated above, the Debtor's Objection to Ms. Dmitriev's claim will be sustained. Ms. Dmitriev received adequate notice of the bar date, through her counsel. And, even if she did not receive adequate notice, there is no mechanism under the Bankruptcy Code or Rules to allow a late filed claim. *In re Nwonwu*, 362 B.R. at 708. The Court will disallow her claim as an untimely claim.

**Conclusion**

For the foregoing reasons, it is **ORDERED**:

1. Ms. Dmitriev's Motion to Dismiss this bankruptcy case (Docket No. 48) is denied for lack of standing.

2. The Debtor's Motion to Strike (Docket No. 66) is granted.

3. The Debtor's Objection to Ms. Dmitriev's claim (Proof of Claim No. 10-1) (Docket No. 61) is sustained, and the claim is disallowed as an untimely claim.

4. Ms. Dmitriev's Objections to the Debtor's second Amended Plan (Docket No. 82) are overruled.

5. The Clerk will mail copies of this Order, or provide cm-ecf notice of its entry, to the parties below.

Date: Jan 28 2015

Alexandria, Virginia

/s/ Brian F. Kenney
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: January 28, 2015

<u>Copies to</u>:
Jahangir Parandeh
8360 Greensboro Dr.
McLean, VA 22102
*Chapter 13 Debtor*

Robert R. Weed, Esquire
Law Offices Of Robert Weed
45575 Shepard Drive, Suite #201
Sterling, VA 20164
*Counsel for Chapter 13 Debtor*

Thomas P. Gorman, Esquire
300 N. Washington St. Ste. 400
Alexandria, VA 22314
*Chapter 13 Trustee*

Kostyantyn K. Nesterov, Esquire
11821 Parklawn Drive, Suite 206
Rockville, Maryland 20852
*Counsel for Irina Dmitriev*